# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

| | |
|---|---|
| **LUIS ALBERTO RIASCOS**<br>Reg, #15686-179 | **PETITIONER** |
| v.             CASE NO.: 2:05CV00260-BD | |
| **LINDA SANDERS**<br>Warden, FCC,<br>Forrest City, Arkansas | **RESPONDENT** |

## ORDER

Petitioner, a federal inmate, brings this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner was housed in the Federal Correctional Complex (FCC), Forrest City, Arkansas, at the time he commenced this matter. He seeks restoration of good conduct time (GCT) and eligibility for 54 days of GCT per year.

## BACKGROUND

After a conviction in the Southern District of Texas on June 27, 2002, Petitioner was transferred to the FCC in Forrest City to serve his sentence. Petitioner is a "deportable alien," and he does not possess a high school diploma or General Educational Development (GED) credential. On April 8, 2003, Petitioner began the Spanish Language GED program at the FCC in Forrest City. He continued in the GED program until September 3, 2004, when he voluntarily withdrew.

On April 4, 2004, while still enrolled in the GED program, Petitioner received a disciplinary charge for fighting with another inmate in the program. At the time, Petitioner had earned two hundred eighty (280) hours of credit in the GED program. As a

result of the disciplinary charge, Petitioner's status changed from "GED SAT" to "GED UNSAT," meaning Petitioner was no longer making satisfactory progress toward attaining his GED. This status change reduced the amount of GCT that Petitioner was eligible to earn from 54 days per year to 42 days per year. The Bureau of Prisons (BOP) maintains that in order to become "GED SAT," and thus eligible for 54 days of GCT per year, Petitioner must earn an additional two hundred forty (240) credit hours without incident. Petitioner contends that he should be eligible for 54 days of GCT without the necessity of accumulating an additional 240 credit hours, because he is exempt from the GED program and because he already earned the required 240 credit hours.

## DISCUSSION

This dispute arises out of the implementation of the BOP Literacy Program found in BOP Program Statement 5350.28 (PS 5350.28). The policy statements themselves are not entitled to *Chevron* deference. See *Christianson v. Harris County,* 529 U.S. 576 (2000); *United States v. Mead Corp.*, 533 U.S. 218 (2001). Nonetheless, in this case, PS 5350.28 is a reasonable interpretation of the relevant statutes and regulations.

A prisoner serving a sentence of more than one year may receive up to 54 days of GCT to reduce the total amount of time the prisoner is incarcerated. 18 U.S.C. § 3624(b)(1). Under 18 U.S.C. § 3624(b)(1), a prisoner is required to display exemplary conduct to earn GCT. 18 U.S.C. § 3624(b)(1) also states:

> In awarding credit under this section, the Bureau shall consider
> whether the prisoner, during the relevant period, has earned, or

2

is making satisfactory progress toward earning, a high school diploma or an equivalent degree.

This section functions as an incentive for certain inmates to participate in the BOP Literacy Program that is mandatory for other inmates.

Participation in a functional literacy program is mandatory for all mentally capable inmates who are not functionally literate, and includes mandatory participation in an English-as-a-Second-Language program for non-English speaking inmates. 18 U.S.C. § 3624(f). 18 U.S.C. § 3624(f)(2) provides:

> Each mandatory functional literacy program shall include a requirement that each inmate participate in such program for a mandatory period sufficient to provide the inmate with an adequate opportunity to achieve functional literacy, and appropriate incentives which lead to successful completion of such programs shall be developed and implemented.

The "mandatory period" in 18 U.S.C. § 3624(f)(2) is defined by 28 C.F.R. § 544.70, which states:

> Except as provided for in § 544.71, an inmate confined in a federal institution who does not have a verified General Educational Development (GED) credential or high school diploma is required to attend an adult literacy program for a minimum of 240 instructional hours or until a GED is achieved, whichever occurs first.

28 C.F.R. § 544.71(a)(3) provides that sentenced deportable aliens are not required to attend the literacy program. This exemption is authorized by 18 U.S.C. § 3624(b)(4), which allows the Director of the BOP to make exemptions to the GED requirement.

Petitioner contends that the BOP should not punish his nonparticipation by reducing his eligibility for GCT from 54 days per year to 42 days per year. Petitioner states that because he is exempt as a deportable alien, and because he completed the mandatory 240 hours, he should be eligible for 54 days of GCT per year. Petitioner's argument fails because the availability of additional GCT is an incentive, not a right. By allowing Petitioner the enhanced GCT due to his exemption, the BOP would be rewarding Petitioner for making satisfactory progress in a program that he freely chose not to participate in. 28 C.F.R. § 544.72 states that "the Warden shall establish a system of incentives to encourage an inmate to obtain a GED credential." Offering additional GCT is a reasonable incentive for participation.

Petitioner believes he is entitled to additional GCT because even though he is exempt from participation, he completed the otherwise mandatory period in the Literacy Program. Petitioner's assertion has no merit. 28 C.F.R. § 544.73 (b)(1) provides:

> For the purposes of 18 U.S.C. 3624, an inmate subject to the Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA) or the Prison Litigation Reform Act of 1995 (PLRA) shall be deemed to be making satisfactory progress toward earning a GED credential or high school diploma unless and until the inmate receives a progress assignment confirming that:
> (i) The inmate refuses to enroll in the literacy program;
> (ii) The inmate has been found to have committed a prohibited act that occurred in a literacy program during the last 240 instructional hours of the inmate's most recent enrollment in the literacy program; or
> (iii) The inmate has withdrawn from the literacy program.

Petitioner accurately states that he did not commit a prohibited act during the first 240 hours of instruction. It is also undisputed that Petitioner accumulated 280 total hours before receiving a disciplinary charge for fighting in the literacy program. These facts are immaterial, as Petitioner *did* commit a prohibited act in the literacy program during the *last* 240 instructional hours. As a result, Petitioner is no longer deemed to be making satisfactory progress, thus justifying his status change from "GED SAT" to "GED UNSAT." See 28 C.F.R. § 544.73 (b)(1)(ii).

After the fight, Petitioner continued to participate in the literacy program until he voluntarily withdrew, after earning 71 additional credit hours. The BOP's position is that Petitioner must accumulate 240 hours without incident in order to have his status changed back to "GED SAT." This position is supported by 28 C.F.R. § 544.73 (b)(2), which reads:

> When an inmate subject to VCCLEA or PLRA receives a progress assignment indicating that the inmate is not making satisfactory progress, the assignment shall be changed to indicate satisfactory progress only after the inmate is currently and continuously enrolled in a literacy program for a minimum of 240 instructional hours. Any further withdrawal or finding that the inmate has committed a prohibited act in a literacy program during the last 240 instructional hours of the inmate's most recent enrollment in the literacy program shall result in a progress assignment indicating that the inmate is again not making satisfactory progress (see paragraphs (b)(1)(ii) and (iii) of this section). 28 C.F.R. § 544.73 (b)(2).

Petitioner states that since he completed 240 hours, he may withdraw without any disciplinary action taken against him. Petitioner is correct. Even if he were not exempt,

5

he could withdraw from the program without disciplinary action. 28 C.F.R. § 544.73 (c) states:

> At the end of 240 instructional hours, excluding sick time, furloughs, or other absences from scheduled classes, the unit team during scheduled program review sessions shall meet with the inmate to encourage continued participation in the literacy program until the inmate earns a GED credential or high school diploma. At these meetings, the inmate may elect not to continue in the literacy program, and no disciplinary action will be taken. The inmate may not discontinue this program when participation is mandated by statute.

Petitioner's argument confuses incentives with disciplinary action. Petitioner was not placed in punitive isolation, and did not lose any privileges, visitation, or awarded GCT for withdrawing from the literacy program. Petitioner *did* lose the incentive he previously received for satisfactory progress in the program, which is the eligibility for an additional 12 days of GCT per year.

Petitioner still has the option to earn 54 days of GCT per year. He must either earn a GED, or participate in the literacy program and earn 240 credit hours without incident. Petitioner may choose not to participate in the program, without disciplinary action against him, but he cannot expect to receive GCT as though he was making satisfactory progress in a program he chose not to participate in.

## CONCLUSION

Petitioner has no sustainable grounds for habeas corpus relief. Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (#1) is DISMISSED in its entirety, with prejudice.

IT IS SO ORDERED this 19th day of April, 2007.

_____
United States Magistrate Judge